# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WAYNE HASKELL,<br><br>       Plaintiff,<br>v.<br><br>SECRETARY EDWARD WALLS, WARDEN JUDY SMITH, DANIELLE FOSTER, DR. STRELNICK, and DR. PATRICK MURPHY,<br><br>       Defendants. | Case No. 17-CV-1491-JPS<br><br><br>**ORDER** |

  Plaintiff, who is incarcerated at Oshkosh Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $5.46. 28 U.S.C. § 1915(b)(4).

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations concern allegedly inadequate medical care he received from prison medical personnel.[1] The allegations are hard to follow, however, as Plaintiff does not clearly set out a timeline of relevant events or identify precisely what each Defendant did or did not do. As best the Court can discern, Plaintiff suffers from bipolar disorder and type-2 diabetes, among other conditions. (Docket #1 at 2). In 2012, he was prescribed lithium by a prison doctor, either Defendant Dr. Strelnick ("Strelnick") or Dr. Patrick Murphy ("Murphy"), both of whom provided him care. *See id.* at 1–2. However, the prescribing doctor mistakenly prescribed too high a dosage, leading to lithium toxicity, acute renal failure, and an eight-day stay in a hospital intensive care unit in May 2015. *Id.* at 1.

Plaintiff appears to claim that these two doctors should have discovered the overdosage before it resulted in toxicity. *Id.* at 1–2. He bases this belief on his presentation of an inability to balance while walking or

---

[1]Plaintiff attached many exhibits to his complaint. The Court must ignore these documents, since a complaint must be judged solely on the allegations within its four corners. *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976).

standing, slurred speech, and thickened, scaly skin, which presumably are all symptoms of lithium poisoning. *Id.* Further, Plaintiff claims that during a review of his medical file in 2014 in connection with adding a new medication, Lisinopril, to treat his diabetes, the reviewing doctor—again, either Strelnick or Murphy—should have seen and corrected the lithium dosage. *Id.* Apparently Lisinopril can have deleterious interactions with lithium. *See id.*

Plaintiff's complaint crosses the very low threshold set at screening as to Murphy and Strelnick. To show that these doctors were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). While the prison physicians' error—if it was one—might ultimately be explained as mere inadvertence, at the present stage the Court, generously construing Plaintiff's allegations, find that he states a claim against them.

However, Plaintiff may not proceed on claims against the other Defendants—Secretary Edward Walls, Warden Judy Smith, and Danielle Foster. In the complaint, he makes no mention whatsoever of these individuals. These officials cannot be liable for the actions of others simply

because they may have acted in a supervisory capacity. Rather, they are responsible only for their own conduct. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Since Plaintiff does not allege that any of these Defendants participated in his medical care or knew of Strelnick and Murphy's purported misconduct, no claim can be stated against them. *Id.* (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye"). Thus, for the reasons stated above, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Strelnick and Murphy. 28 U.S.C. § 1915A(b).

In closing, the Court makes an observation about a potential obstacle in this case: exhaustion of prison administrative remedies. The Prison Litigation Reform Act establishes that, prior to filing a lawsuit, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion is a precondition to suit, and so a lawsuit must be dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. There are two steps inmates must take to exhaust their administrative remedies under the ICRS. First, an inmate must file a complaint with the Institution Complaint Examiner

("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ DOC 310.07(1), DOC 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ DOC 310.08, DOC 310.09(4), DOC 310.11(5). If the complaint is rejected, the inmate may appeal the rejection. *Id.* § DOC 310.11(6).

Most of Plaintiff's attachments to his complaint consisted of decisions on his inmate complaints and subsequent appeals. While the Court could not consider them when screening his allegations, it did review these documents. They appear to show that Plaintiff did not timely file a grievance regarding Strelnick's or Murphy's medical care. If this is so, then his complaint could be subject to an early motion for summary judgment on a failure to exhaust administrative remedies. The Court leaves it to Defendants to seek judgment on that ground if a review of the evidence supports such a conclusion.

Finally, the Court will address Plaintiff's other pending motion, in which he seeks the appointment of counsel. (Docket #4). Plaintiff claims he needs counsel appointed for him because (1) he has bipolar disorder, (2) he is indigent and lacks the resources to litigate this case, (3) his imprisonment will hinder his ability to prosecute this case, (4) his case is complex, and (5) a trial might involve conflicting testimony which counsel would be better able to address. *Id.* at 1.

Plaintiff's motion must be denied. As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—

factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)(en banc)). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

Plaintiff's request fails on the first *Pruitt* element, since he provides evidence showing he sent only two letters to two different attorneys. *See* (Docket #5-1 at 1–4). This is not the sort of robust, meaningful effort that the Seventh Circuit requires of litigants before they enlist the aid of the Court in searching for counsel. *Russell v. Bukowski*, 608 F. App'x 426, 428 (7th Cir. 2015). Indeed, it appears Plaintiff may have selected these two individuals almost at random, as each responded by reporting that they do not practice in this area of law. Plaintiff cannot simply send letters to any law office and fulfill his obligations under *Pruitt*.

Moreover, were the Court to consider the second element, it would find that the reasons Plaintiff has cited for needing counsel are unavailing. First, the mere fact of imprisonment has never been recognized as a reason to appoint counsel. Moreover, Plaintiff's lack of legal training, while unfortunate, brings him in line with practically every other prisoner litigating in this Court. As such, this too is insufficient, standing alone, to

merit the appointment of counsel. At best, these are complaints that counsel would do a better job than Plaintiff, but the Seventh Circuit has rejected this sort of reasoning. *Pruitt*, 503 F.3d at 655.

Second, the Court finds that, at least at this early stage in the case, the issues presented are not so complex that Plaintiff cannot be expected to adequately address them. Plaintiff's only attempt to convince the Court otherwise is to state that the case is "complex," without elaboration, and to claim that trial "will likely involve conflicting testimony," which counsel will be better able to handle. (Docket #4 at 1). Yet trial in this matter is a long way off, so the potential rigors of trial are not a reason that counsel should be appointed now.

Finally, Plaintiff has not submitted any evidence regarding how his bipolar disorder affects him, particularly in relation to his ability to present his arguments in a cogent fashion. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). His filings thus far suggest that he has no such limitation. As such, the Court concludes that recruitment of counsel in this case is not justified at this time, and will deny Plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #4) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Secretary Edward Walls, Warden Judy Smith, and Danielle Foster be and the same hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, Plaintiff need not mail copies to Defendants. All Defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the Court.

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge